AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br>JOSE ANTONIO BONILLA-QUINTANILLA<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No. C-21-1298M |

United States Courts
Southern District of Texas
FILED

OCT 21 2021

Nathan Ochsner, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 20, 2021** in the county of **Kleberg** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. 111(a)(1) | Knowingly forcibly assault, resist, oppose, impede, intimidate, or interfere with an employee of the United States while such employee was engaged in the official performance of their duties. |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Misty D. Ham
*Printed name and title*

Submitted by reliable electronic means, sworn to,
signature attested telephonically per
Fed. R. Crim P. 4.1. and probable cause.

Date: October 21, 2021

_____
*Judge's signature*

City and state:   Corpus Christi, Texas

United States Magistrate Judge Mitchel Neurock
*Printed name and title*

## Affidavit In Support of Criminal Complaint

I, Misty Ham, being duly sworn, state as follows:

### I. BACKGROUND OF AFFIANT

1. I am a Special Agent with the Federal Bureau of Investigation. I have been so employed since approximately September 2009.

2. As part of my duties as an FBI Special Agent, I investigate criminal violations related to offenses committed against the laws of the United States including, but not limited to, corruption, civil rights, trafficking, white collar crimes, violent crimes, and assaults.

### II. BASIS AND PURPOSE OF AFFIDAVIT

3. This affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint charging JOSE ANTONIO BONILLA-QUINTANILLA with violating Title 18, United States Code, Section 111(a)(1) – forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any employee of the United States while such employee is engaged in the official performance of their duties.

4. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purposes set forth above, I have not included each and every fact known to me concerning this investigation.

### III. SUMMARY OF THE INVESTIGATION

5. On October 20, 2021, at approximately 5:50 a.m., Border Patrol Agent N.S. called the Javier Vega Jr. Checkpoint to report a use of force incident. Border Patrol Watch Commander E.R. provided the following report. Agent N.S. stated that he and Agent

1

R.H. approached a group of eight subjects in the W. Turcotte Ranch area. Agent N.R. stated that a male subject in the group assaulted him, by striking several times on his face with a closed fist. Agent N.R. stated that he then retrieved his collapsible steel baton (CSB) and struck the subject on his right thigh. Agent N.R. and Agent R.H. were able to restrain the subject. Agent N.R. sustained a contusion to his upper lip and behind his right ear, and an abrasion to his upper left forehead requiring medical attention. The male subject sustained mild redness to his right outer thigh due to the CSB strike. Agent N.R. and the male subject were taken to the Christus Spohn Kleberg Hospital for medical attention. There were two subjects apprehended from the group.

6. On October 20, 2021, the victim Agent N.R. was interviewed. Agent N.R. stated he and Agent R.H. approached a group of approximately eight individuals believed to be undocumented persons. Agent N.R. turned on his flashlight and grabbed a male subject on the back of the shirt. Agent N.R. stated the male subject hit him in the face area with a closed fist. Agent N.R. and the male subject fell to the ground and continued to roll around on the ground swapping positive control. The subject continued to strike Agent N.R. several times and rub sand in Agent N.R.'s face. Agent N.R. stated he was able to gain a position of advantage and hold the subject down. Agent N.R. stated he drew his baton and delivered two strikes to the subject's upper thigh. The subject knocked Agent N.R. off balance on to the ground. Agent N.R. stated he and the subject continued to swap and get on top as an effort to gain a position of control. Agent N.R. stated he put the subject in a hold with one arm under the subject's neck and the other arm behind the subject's head but did not apply pressure. Once Agent N.R. had control of the subject he called over to Agent R.H. for assistance. The subject was then handcuffed and detained

with the assistance of Agent R.H.. Agent N.R. sustained injuries to his lip area, an abrasion to the skin behind his right ear, a red mark on his forehead, and pain in his forearm, wrist and elbow. Agent N.R. received medical treatment for his injuries.

7. On October 20, 2021, material witness Santos Eduardo Tumax-Chan (Tumax-Chan) was interviewed. Tumax-Chan was advised of his Miranda rights and agreed to speak with the Agents. Tumax-Chan stated he was traveling in a group of approximately seven people. Tumax-Chan stated early in the trip a vehicle driver notified the group that there was immigration in the area and instructed the group to run and hide if immigration comes. After walking for approximately one day, the group saw an immigration officer running after them, and the group started running. The group knew there were immigration officers that worked the area they were traveling. Once the group started running Tumax-Chan hid in a group of trees. He waited hoping the immigration officers would not see him. After approximately five minutes, there were two policemen, one approached Tumax-Chan and took him into custody. Tumax-Chan stated there were two people that were caught and arrested from the group, but Tumax-Chan did not see the arrest of the other individual. Tumax-Chan heard some forced sounds between people, scuffling, and some noise as if someone was trying to escape but did not see anything because he was hiding. Tumax-Chan stated he asked what happened when he saw the immigration officer with sand on his face. The Agent stated the other subject from the group resisted and wanted to fight. Tumax-Chan stated the subject told the Agent, "I'm sorry, I didn't know you were a cop." The Agent responded, "That's it, it's over. Let's move."

8. On October 20, 2021, subject Jose Antonio Bonilla-Quintanilla was interviewed. Quintanilla was advised of his Miranda rights and agreed to speak with the Agents.

3

Quintanilla stated he was traveling with a group of unknown individuals when they left a house and got in a car. Quintanilla sat in the front passenger seat and took possession of a phone from the driver. The group was dropped off on the side of the road and told to walk. Quintanilla stated it was normal to hide from immigration in the brush, on ranches, in cars and in houses during travel. While the group was walking, someone heard a voice, but could not understand the words because the individual was speaking in English. Quintanilla stated the group started running from immigration. Quintanilla stated immigration caught him and he fell down. When Quintanilla fell, he tried to get immigration off of him by swinging his arms, pushing to one side and continuing to resist. Quintanilla stated he resisted because he wanted to escape. Quintanilla stated he wouldn't call it a fight, he was just trying to escape. Quintanilla stated he only pushed and swung his arms, but he never threw a punch and never hit the immigration. Quintanilla stated he was trying to get the immigration's hands off of him. Quintanilla stated immigration gained control by hitting Quintanilla's leg with a baton and placing the immigration's arms around Quintanilla. Quintanilla stated he did not know the individual he encountered was an officer until the handcuffs were placed on Quintanilla. Quintanilla stated it was approximately 4:00am and it was dark outside. There were no devices used for light. He did not recall any commands from the immigration. Quintanilla stated the immigration was wearing long sleeves and pants, but Quintanilla did not recall any law enforcement or immigration markings on the officer. Quintanilla stated one other person was arrested. Quintanilla stated he sustained pain to his right leg as a result of the baton strike and shoulder pain with swelling and reddish markings from the immigrations arm hold. Quintanilla stated the contact with immigration lasted approximately three

4

minutes. Quintanilla stated he resisted because he did not want to go back to his home country because his life was very hard there. Quintanilla stated his family had to pay $10,000 or Quintanilla would be killed. Quintanilla only had $2,000.

## IV. CONCLUSION

9. Based on the above information, I respectfully submit that there is probable cause to believe that JOSE ANTONIO BONILLA-QUINTANILLA has violated Title 18 U.S.C. 111(a)(1).

_____
Misty D. Ham
Special Agent
Federal Bureau of Investigation

Submitted by reliable electronic means, sworn to,
signature attested telephonically per Fed. R. Crim P. 4.1.
and probable cause found on this _21st__ day of October 2021.

_____
Honorable Mitchel Neurock
United States Magistrate Judge

5